UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVA E. LOPEZ,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:16-cv-04169-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Elva E. Lopez ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br."), Dkt. 22("Def.'s Br."), and Dkt. 23 ("Pltf.'s Reply").] The Court has taken the parties' briefing under submission without oral

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On January 31, 2013, Plaintiff filed an application for both DIB and SSI, alleging that she became disabled as of February 2, 2012. [Dkt. 15, Administrative Record ("AR") 12, 64-79, 80-95, 98-119, 120-141.] The Commissioner denied her initial claim for benefits on March 22, 2013 and upon reconsideration on September 9, 2013. [AR 144-148; 155-163.] On July 30, 2014, a hearing was held before Administrative Law Judge ("ALJ") Christopher R. Inama. [AR 31-63.] On November 7, 2014, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 9-30.] Plaintiff requested review from the Appeals Council, which denied review on April 11, 2016. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since February 2, 2012, the alleged onset date, through December 31, 2016, her date last insured. [AR 14.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine regions, chronic bilateral shoulder degenerative joint disease and tendinitis, major depressive disorder, and generalized anxiety disorder. [*Id.* (citing 20 C.F.R. §§ § 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 15 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

///

///

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b). She can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl, but cannot climb ladders, ropes, or scaffolds. The claimant is limited to occasional overhead reaching, with her bilateral upper extremities, and frequent lateral reaching, handling, and fingering. She is limited to occasional looking up and down and turning her head left and right. She is limited from working environments with even moderate exposures to hazards, such as unprotected heights and dangerous machinery. She can perform simple, routine, repetitive tasks, make simple work-related decisions, and adapt to a few workplace changes. She is capable of occasional interaction with supervisors and co-workers, and occasional brief, superficial contact with the public.

[AR 17-18.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but determined that based on her age (41 years old), high school education, and ability to communicate in English, she could perform representative occupations such as sales attendant (Dictionary of Occupational Titles ("DOT") 299.677-010), parking lot attendant (DOT 915.473-010), and usher (DOT 344.677-014) and, thus, is not disabled. [AR 24-25.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision

when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the assessment of Plaintiff's credibility; (2) failed to properly find that Plaintiff's headaches were a severe impairment; and (3) failed to find that Plaintiff suffers from a listed impairment entitling her to receive benefits at step three. [Pltf.'s Br. at 3-9.] As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

Plaintiff first claims that the ALJ failed to state sufficient reasons for discounting her credibility. [Pltf.'s Br. at 6-9.] Plaintiff testified that she suffers from significant pain and limitations due to her impairments. [AR 37-55.] She stated that she stays home in bed most of the day; has chronic pain when she bends, reaches, and kneels; and has migraine headaches that affect her memory and concentration. [AR 251, 267.] She also reported numbness in her fingers, hands and wrists and stated that she can walk two miles, albeit slowly. [AR 43-44.]

The ALJ found Plaintiff's subjective symptom testimony not fully credible. [AR 19-24.] The ALJ noted that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent alleged. [AR 23-24.] As there was no affirmative evidence of malingering in this case, the ALJ was obligated to provide "specific, clear and convincing reasons" for rejecting Plaintiff's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there

is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ gave two reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony regarding her daily activities; and (2) lack of objective evidence to support Plaintiff's claim of severe pain and limitations. The Court takes each in turn.

First, the ALJ asserted that Plaintiff's claim to Dr. Shamie that she used to enjoy running and exercising but could not do so after her injury was inconsistent with statements made in her function report indicating that she was able to take her son to school, care for her son, and care for her personal needs. [AR 23; *compare* 246-254 *with* 837.] An ALJ may employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness in making a credibility determination. *Fair v. Bowen,* 885 F.2d 597, 604 n. 5 (9th Cir. 1989). However, in this case, it is not apparent from the record how Plaintiff's statements made in her function report regarding the minimal activities that she can perform inside and outside the home to take care of herself and her child conflict with Plaintiff's reports to Dr. Shamie regarding her ability to exercise. As the ALJ admits, Plaintiff "did not specifically state her ability to run or exercise in the function report," thus, the ALJ's conclusion that these statements are contradictory is simply not supported by the record. [AR 23.]

In addition, inconsistency between a claimant's daily activity and the alleged severity of the claimant's symptoms can also support an adverse credibility determination. *See Fair*, 885 F.2d at 603. However, Plaintiff's admission regarding her ability to care for her son and her personal needs is not materially inconsistent with her allegedly disabling symptomatology. *See Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for

5

exercise, does not in any way detract from her credibility as to her overall disability"). Further, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Thus, the record fails to show that Plaintiff's asserted home activities are inconsistent with her allegedly disabling symptomatology.

Second, the ALJ found that Plaintiff's subjective complaints were not supported by the medical findings. [AR 19-23.]. However, the ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms].").  Thus, a lack of corroborating objective evidence was an insufficient reason, on its own, for the ALJ to find Plaintiff less than fully credible. Accordingly, for the reasons stated above, the Court finds that the ALJ failed to provide specific, clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.[2]

///

---

[2] The Court has not reached the other two issues raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should explore and resolve these additional issues on remand, as he/she sees appropriate.

6

# V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

///

///

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: September 21, 2017   _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE